Good morning, everyone. We have two cases this morning on the calendar, and the first is Williams v. City of Allentown, Appellate No. 19-1444. Council will hear you. Good morning, and may it please the Court, I'd request five minutes for rebuttal, Your Honor. That will be granted. My name is Stephen Hoffman. I represent former Allentown Chief of Police Keith Morris and former Allentown Mayor Ed Pawlowski in this appeal from the denial of qualified immunity in front of the District Court. The key issue that I want to talk about is the issue of whether or not Sergeant Williams, when he spoke with his subordinate employee in January and March of 2017, was acting as an employee of the City of Allentown. Well, he was acting as an employee, but in what capacity? In our position, he was acting pursuant to his ordinary job duties. He describes in his amended complaint that he is the commanding officer of this specialized unit, the Juvenile Division of the City Police Department. Under him, he describes having 15 subordinate employees that report to him both regular officers as well as detectives. Part of, as he describes, his job duties is adherence to the laws of the United States, the Commonwealth of Pennsylvania, and the City of Allentown. And then he goes on beyond talking about just adherence to the laws, which we all recognize police officers have those responsibilities. He also talks about part of his job duties is adherence to city policy. And this is what the discussion based on their amended complaint, the discussion that occurred in January in 2017. But the facts of this case have nothing to do with his adherence to policy. It has to do with his discussion with a co-worker about what the co-worker might want to do in terms of running for office. So it would seem to me that advising co-workers regarding this has to have been something that was part of what he was paid to do. That's different from his, in the course of his duties that he adheres. How is what he did in this situation within the ordinary scope of his duties? Because you have to take it out of the context. Because of the situation here, acknowledge it's an unusual situation when we're talking about a police officer running for mayor of the city while they're an active duty police officer. But what Sergeant Williams describes in his complaint is this officer came to him to try to understand what the city's policies were with regards to whether or not he was permitted to run for mayor. And in fact he alleges, Mr. Williams that is, that it was not part of his duties to give advice about conflicts of interest with outside activities. And at this stage, don't we have to accept that as a factual statement as true? And isn't in fact your real argument in front of us, you disagree with the district court's interpretation of the facts? And if that's your position, then how do we have jurisdiction? I know that's a lot, sorry. It's twofold. One is, first of all, there's the qualified immunity issue as to whether or not this was clearly established, whether these conversations occurring outside of the workplace, but about work rules. We're not into clearly established yet. We're into basic, was it private citizen or employee? And as we've said, it's the ordinary scope of duties. Could you respond to Judge Schwartz's question? Sure. There is conflicting pleadings, I would acknowledge from the part of Sergeant Williams, where at one point he does use conclusory statements that he was not acting as a employee, but acting as a citizen. But on the other hand, he is talking about, he is the commanding officer of this unit. He is talking about one of his subordinates coming to him to have a understanding of whether if that subordinate runs for mayor of the city of Allentown, whether or not that subordinate would be in violation of city policy. But when a subordinate comes to his supervisor for advice about something, that doesn't necessarily, I mean, that's the kind of thing that in Flora and Garcetti and Lane, the court said there was a broad assumption of everything. That's not what the standard is. The standard is, is it ordinarily within the scope? My question to you is, what have you averred or what have you contended that the scope of his duties includes that he did not, we have to have an issue of fact as to the scope of his duties. Based upon his pleading, we don't really have an issue of fact. He said he's not, this is not what he does. The scope, you know, he adheres, he does this, he oversees these youth programs. So what have you done to make this an issue of fact as to the scope of his duties? Well, in terms of the process right now is because it is on a motion to dismiss. We have not put forth our evidence. No, but you could have, you would have a contention in connection with the motion pleading that this was, this was within his scope. Well, I urge that, but I haven't seen anywhere you've where you've urged that. It's our contention based on his pleadings where he talks about his responsibility as a commanding officer to adhere to city policies. And this discussion, that's why we believe this is part of his ordinary job duties. He's talking about himself as a commanding officer responsible for city policies. As a commanding officer, that means making sure your subordinate employees are following city guidelines, city policies, to not run afoul of their job requirements. So if I advise my law clerk, they say, is this, you know, am I allowed to do X? And they come to me for advice and I say, gee, I'm not really sure. Let's, let's, let's look at it. And, you know, someone says, well, that's, you know, within the scope of your duties. And I said, wait a minute. I'm a federal judge. It's not what I do day to day. The fact that somebody came to me and said, you know, what's your, what's your thought about this? And I'm supposed to adhere to laws as well. But when I advise my law clerk, you know, I'm not sure, but, you know, I would think it's okay. I'm not doing something that's ordinarily within the scope of my duties any more than he is. But there's one more factor here. In this case, they also talk about, Sergeant Williams said, I believe you could run, but I'm not sure you need to go to the chief of police. Outside of the command structure, if it's me and you sitting on the street talking about the next run for mayor of Allentown, we can't be directed to go to the chief of police and talk to the chief of police as to whether or not city policies permit you as a rank and file officer to run for mayor of the city of Allentown. But isn't then your argument that the district court misunderstood the factual allegations or read the factual allegations in the complaint different than you're advocating today? And if that's the case, how do we have jurisdiction to consider this appeal now? You have jurisdiction because you do have to look at the case in the light most favorable to the plaintiff. And when we do that, if you look at the facts of light most favorable to the plaintiff, there are factual allegations where he says, I may have had this command position, but this subject matter was not within the scope of my duties. Therefore, I was speaking as a private citizen. I was speaking about a matter of public concern, namely a mayoral run. And therefore, there should be no retaliatory action towards me. Under that factual scenario, which is the one the district court felt was supported by the allegations, it stated the claim and qualified immunity was unavailable. And I guess I'm still back to this. Aren't we really aren't you advocating a set of factual positions that are different? And therefore, we lack we lack jurisdiction to adjudicate that matter. I understand. But what I'm advocating is even looking at plaintiffs, if you take away plaintiffs' conclusory allegations and you look at his factual allegations with regards to what his responsibilities are, he phrases himself as having a command position. He phrases himself as having 15 employees that report to him. He phrases it in his complaint that these employees come to him when there are issues with regards to city policies. It's what we supposed to do with the factual allegation where he says, but discussing providing advice on conflict of interest is not within my duties. You're asking us to ignore that allegation, but embrace every other one. My suggestion is that is more of a conclusory allegation than a factual allegation. When you look at the factual allegations in its totality, as well as just a common sense understanding that when you are a commanding officer having a subordinate report to you about city policy, I understand that the race for mayor was absolutely a public concern. But the ordinary job duties of a police officer and whether you're violating city policy or not, whether you're allowed to take sick leave or what time your shift starts or whether you're supposed to handcuff somebody, that's still part of your job duties. I think Judge Sirica might have had a question. You asked it. Thanks for telegraphing it my way.  Thank you. Thank you. Thank you. Please record I'm Brian for Charlie I represent Officer Williams. I'm not going to skip jurisdiction I'm going to go to that first, even though really the saucer tests come is involved in it. The fact of the matter is is the facts are a dispute. This is from a 12 v. 6 motion where the complaint is at least treated as true and any reasonable inferences that can be drawn from it are to be given to Mr. Williams. This circuit and since the Mitchell case have always said where there's a factual dispute, qualified immunity is not appropriately appealed because you need to develop a record. And the district court recognized that in A38 of his opinion, which is where it's found in the appendix, he clearly says that. He recognizes after going through the saucer test, the first two problems of the test, he gets to it and finally recognizes that the facts have to be established, which is what I argued below at the district court, that qualified immunity may be available, but we need the facts. Well, is there an issue of fact here? There is. What are the duties of this particular person? Now, we allege. And you're saying that we shouldn't be deciding this issue? No, you shouldn't because there's no jurisdiction. There's a dispute as to the facts, as the city just argued. Well, if there's a dispute as to the facts, then the district court should not have thrown it out. Is that correct? I can't argue that he's incorrect throughout claims because that's really not appealable. He spoke as a citizen, categorically. Categorically, his position. And you're saying there's an issue as to whether categorically he spoke as a citizen? No, the issue is what are the duties. Okay, but that's the underlying issue. Right. As to whether categorically he spoke as a citizen. The district court said the scope of his duties did not include this, as alleged, as averred, and therefore categorically he spoke as a citizen. Now, if there is an issue as to the scope of his duties, then there's an issue as to whether categorically he spoke as a citizen. He should not have thrown it out. You know, he should not have said category. As a matter of law, there's no qualified immunity. Should he? No, because he did go through the saucer test. He did go through the test. Although he followed the traditional standard, he didn't deviate his Pearson allowance to decide whether the law was clearly established. He did find that a police officer speaking off-duty in another officer's home about that officer running isn't part of his duties. But weren't there other facts that were pleaded that go the other way on this matter? No, there aren't that I saw. And that was part of my argument below, which is the city of 12E6 has to plead from the facts in the complaint, not its contention. But the facts in the complaint give us the following picture. Mr. Williams had a command position. He supervised 15 people. One of those subordinates came to him, asked for advice about whether he did something outside the workplace. It would conflict with his police duties. When unable to provide an opinion, sent that employee up the chain of command. Wouldn't that reflect that he was treating it as it was within the scope of his duties to give this particular employee advice? And wasn't there a fair inference that it was, in fact, in the scope of his duties? The inference goes to him, not to the defense, under 12E6 motion. The inference here, by pleading it wasn't my job to tell the person, maybe you should check with the chief, and I'll help you with your political aspirations, is something we can develop through discovery. In fact, the district court said that, right? It said that this defense, it's possible qualified immunity may apply after discovery, correct? He wasn't sure whether he could or couldn't run for office, the coworker. I have a different question for you. My question is, didn't the district court say at A38 that discovery may reveal that qualified immunity may, in fact, apply after discovery? That language is specifically at A38. It's a short paragraph, and it said discovery. And then we've never really argued that maybe when we get done discovery, maybe the facts as contended by the appellants might be correct. We have simply said, right now there is, based on the complaint, a claim stated, and facts in dispute. The city can go through discovery. The city and the defendants here could try and present facts. They keep saying the facts are in dispute, and I follow up with Judge Rundell saying, I thought from your point of view the facts should not be disputed, and that your client was speaking in his private capacity. So what are the disputed facts? Now, the disputed facts is what are the duties? We say his duty isn't this. That's treated as true. Now, the appellants say, well, that's a conclusion. We argue it's a fact, but it's a fact in dispute. And the court has to look at that as treated as true, though, because it's a 12B6 standard. So if the city wants to come forward and present irrefutable evidence that disputes that fact, which would produce some of the records, produce people who have been similarly treated, so it would be recognized that he, my client, would have recognized that an employee coming to him and them speaking in the employee's home off-duty about these matters would be within the scope of his job. But we have tried to at least plead factually as close as possible that it was not his job to do this, and the city contends differently. And I understand their position that they want to present these facts, but we aren't there yet because those are. You've been focused, as a result of our questions, on the scope of his duties. Can we turn to the free association claim? Are you pursuing it? Yes, the association claim is being pursued because, as this court held in the Palladay decision, the Milburn case, those two claims, the association claim and the free speech claims, although they may be close, they're different, and holds that in the association claim. What have you pleaded on the free association claim? In the association claim, we said that his association to help this employee run for political office is different than his free speech claim. Because this circuit has now turned around and said, while the free speech claim follows the Garcetti rules and the lanes, and we have to show the public importance element, Palladay comes back in the Milburn case and says, no, not in association. As you may recall, in the Palladay case, it was a police officer who was in contention with, it was in the running for police chief job, and he aligned himself with the police union. The township didn't particularly care for that and weren't going to give him the police chief position, so then he retires. And then he argued that, wait a second, my affiliating with the union is association. It doesn't matter what my speech is, but the union is protected activity, which followed the Citizens Republic case by the United States Supreme Court under the Federal Election Committee case in 1976, which turned around and said, wait a second, yes, that's correct. And as you may recall in the Citizens case, that was the case where the citizen was a corporation and was going to publish a movie about Hillary Clinton. And the federal election says, no, that's electioneering. You can't do that. They argued it was a violation of their association free speech right, and the Supreme Court says, wait a second, here, no. Corporations themselves get protected for their political activities. It's completely different. It's covered activity. And that's the 1976 case. Then we come up. Go ahead. I was just wondering, on the qualified immunity ruling as it relates to the free association claim, because the district court seemed to deal with them together, your understanding that the district court denied qualified immunity because the law was clearly established and the facts as alleged would violate that law? Is that what your understanding of the district court's ruling? He did find several cases, even ones that I didn't cite, from Third Circuit cases, which clearly said this was all protected activity. Now, under your view that there's a factual dispute, we would lack jurisdiction, correct? Correct, because we can't get past the center test. We can't get past the clearly established fact issue. The defendants in this case want to argue what is his duties, and we argue it's not his duty. They could have asserted it as part of their qualified immunity motion. They could have said, you know, there's, you know, papers and documents that support, you know, a description of his duties that would include this, but they've not done this. You're saying that your complaint alone sets forth a factual dispute? Correct, correct. Okay, question regarding the conspiracy count. The district courts seem to consider it as a conspiracy. To violate civil rights. Under 1983, but you've pled it as a conspiracy under 1985, right? And you're pleading count four? Yeah, that's 1985 is the actual statute for it. Yeah, well, yeah, that's the actual statute. And it requires to be motivated by some racial or otherwise class-based, invidiously discriminatory animus. That's the statute which we're under. Oh, I agree. I agree. And how is this? It's not based on race. It's not based on race. So should it not have been thrown out as a matter of a grant of qualified immunity? Because there really is no statutory right here, is there? No, there's no statutory right. There would be a civil right, a civil conspiracy claim to argue. Are you withdrawing your 1985 claim? No, we're not withdrawing it because we aren't given leave to amend that one. But your leave to amend would to aver a racial or invidious discrimination? No, I wouldn't plead something I don't think. Well, that's what it requires. I recognize that. I'm just saying it's more in line of a civil conspiracy claim under a state clause of action where two people conspire to hurt this particular person. Well, it's not under 1985 then. Not 1985. It's 1983. But it wasn't dealt with in that manner. So if the court, this different court below had said, no, it's not 1985 because there's no racial animus pled or found or even could be inferred here, and there's not going to be because it isn't. This is nothing about race. Then he might have given me leave to amend it where I could have argued if it was really challenged sufficiently and said, look, it's really a civil conspiracy claim. Well, then it's not a 1985. You could amend it. It would come under a state claim. It wouldn't be under 1983. Then technically the district court should have granted qualified immunity because you haven't stated, you haven't averred a proper claim under 1985. Not to the First Amendment claim. No, no, no. Talk about 1985. I understand that, Your Honor. I understand that. I'm just saying it's the district court is still correct not to grant qualified immunity on the First Amendment claim because that's what the challenge was. All right. I'm talking about 1985. Because we're trying to parse your cause of action. You have a speech claim. You have an association claim. Then you have this 1985 claim. Right. I think Judge Riddell's point is if you are saying to us today, I cannot stand up here and say I could satisfy the elements of a 1985 claim, then at a minimum they'd be entitled to qualified immunity because you couldn't bring a cause of action. Do you concede that 1985 should not be a claim that persists in this case? Whether you get to amend to allege some other conspiracy claim is a different question. Yes. It won't really. The claim itself is just a claim. And the fact is it's going to change the facts. Each of the two defendants, Morris and Pawlowski, acted individually on their own acts. They would still be liable in 1983 on their own individual acts and didn't have to necessarily agree with one another that one would fire and the other one would go after them. It really wouldn't change the outcome of the case. But because I couldn't appeal the district court's decisions on a lot of things, because my position is this court didn't have jurisdiction. I had the right to appeal at that point. 100% right. I only tried to deal with what I thought were the issues before the court, which was one, is there jurisdiction? And two, if there is jurisdiction, disqualified immunity exists toward the First Amendment. So I really tried to stay focused on what those were as opposed to the big picture. Or else I would have argued the ERISA issues and all the other things that I think are a mistake. But I'm not allowed to. So I didn't. Okay. Any other questions? No. All right. We have no further questions. Thank you for your argument. Okay. Thank you. First of all, with regards to the 1985 action, they haven't pled any race-based discrimination. They haven't pled any type of invidious discrimination. They haven't even. In fact, he concedes that. With regards to the mayor, I want to point out particularly with regards to the mayor, most of the allegations here relate to the conversations that the subordinate employee had with Sergeant Williams and then it was taken back to the chief of police. The only factual allegation in the entire amended complaint about the mayor is that later on in September of 2017, the mayor rescinded an offer to settle a labor arbitration or labor grievance that had been filed by Sergeant Williams arising out of his transfer out of the union. So even if you find, based on some of your questioning, that there was a dispute of fact with regards to Chief Morris' conduct, there is nothing in here with regards to Mayor Pawlowski's. But that's a deficiency problem. What is our authority to rule based on a pleading deficiency under 12B6 at this stage? You may be correct at a 12B6, but I don't know what our authority is to rule on those grounds here. First of all, this matter was in front of two different district judges. The first district judge that heard the original motion to dismiss threw that out with leave to file an amended complaint if he can correct the deficiencies. He then filed the amended complaint and then it was transferred to a new district judge who then ruled. So he's had two cracks, two bites of the... The only thing before us is qualified immunity. That's what I'm saying. Based on the record with regards to the mayor, there is no allegations in the constitutional violation factually on the part of the mayor. The only allegation with the mayor is that he rescinded a later settlement offer. There is no allegations that the mayor retaliated against him as a result of this statement. His only factual allegation that the mayor had any knowledge of even what was going on was in September of 2017 when he talked about the mayor making this decision. Everything else relates to conversations that he had with the chief of police. Do you argue that in your brief? We do. There's a footnote in our brief with regards to the mayor's... Do you contend that there's an issue of fact so that we lack jurisdiction or you contend that you slam dunk are entitled to qualified immunity and the district court was just wrong? I contend that we are entitled to qualified immunity that the district... Because it's clear without a doubt under his own pleading that this was definitely within the scope of his duties. Yes. Do you have an alternative position? Do I have an alternative position? Not with regards to that issue. I do have one alternative position with regards to that. It is that this factual dispute that plaintiff raises is really confusion as to whether or not he is acting in the scope of his duties based on the pleadings but based on qualified immunity it's not clearly established that those type of conversations between a superior and inferior employee rises to the level that there's been no cases from this court or from the Supreme Court that has ever said conversations about employment rules that occur outside of the workplace is or is not protected by the First Amendment. You're parsing it a little bit too finely here. We don't just have this. We have the fact that the co-worker says that Mr. Williams is providing association and aid. We do not have a situation where Mr. Williams is being stripped of his duties solely because of this one conversation. There's more to it than that. So you can't really say, oh, okay, he said, I'm not sure. Talk to the mayor. Is that constitutionally? That's not all that happened here. There's more to it. Would you agree? Well, the whole facts haven't been played out and haven't been developed. Well, that's that they were played, that the co-worker told the mayor he's giving me association and aid, which says, therefore, that, you know, not just that he's giving him some kind of objective advice, but he's with him. Do you think he would have been fired just for saying, I don't know, talk to the mayor? Well, it was talk to the chief. The discussions were all with the chief, not with the mayor. But, again, it's our position that these discussions are all related to the official job duties, the ordinary job duties of Sergeant Williams. Have you cited what his job duties are or where they're found or what this whole youth program entailed? Again, of course, we're on the motion to dismiss. I haven't. This court has also warned, and the Supreme Court, that job descriptions in and of itself aren't highly relevant to these. No, but they're helpful. We have no idea of the scope of his duties from your standpoint. You would seem to be the one to tell us exactly what he was supposed to do. I can't at this stage of the process. All I can do is look at the- Well, you can say the evidence will show, and therefore you shouldn't decide this issue, and the court lacks jurisdiction because there's a fact dispute. We believe that even the way it's been pled by plaintiff that adherence to city policies is within his ordinary job duties, and therefore he has pled sufficiently. Thank you, Your Honors. Thank you. We thank counsel for their helpful arguments, and the court will take the matter under advice.